64 F.3d 657
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William L. GREEN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2049.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1995.
Decided Aug. 14, 1995.
 
 ARGUED: H. Russell Vick, Greensboro, NC, for Appellant. Cheryl Lynn Nikonovich-Kahn, Assistant Regional Counsel, Office of the General Counsel, Region IV, DEPARTMENT OF HEALTH & HUMAN SERVICES, Atlanta, Georgia, for Appellee. ON BRIEF: Frank W. Hunger, Asst. Atty. Gen., Walter C. Holton, Jr., U.S. Atty., Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel/Social Security Disability Litigation, Ronald L. Paxton, Assistant Regional Counsel, Office of the General Counsel, Region IV, DEPARTMENT OF HEALTH & HUMAN SERVICES, Atlanta, GA, for appellee.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 William Green appeals from the decision of the United States District Court for the Middle District of North Carolina, affirming the decision of the Secretary of Health and Human Services denying his application for disability insurance and Supplemental Security Income. The district court upheld the conclusion of the Administrative Law Judge ("ALJ") that Green does not have an impairment or combination of impairments listed in or medically equivalent to those listed at 20 C.F.R. Pt. 404, Subpart P., App. 1, and that Green's combination of impairments do not prevent him from performing his past work as a manager in the food service industry. We affirm.
 
 I.
 
 2
 William Green filed applications for a period of disability, disability insurance benefits, and Supplemental Security Income on July 18, 1991. He reported that he was disabled since February 1990 by an enlarged heart, diabetes, gout in his feet and legs, obesity, and bursitis in his right shoulder. These applications were denied initially and upon reconsideration. The ALJ held a hearing on June 23, 1992, and issued a decision unfavorable to Green on August 19, 1992. The ALJ found Green has a severe combination of impairments, but he had not for any twelve month period had any impairment or combination of impairments that meets, or is medically equal to, an impairment listed in the Social Security Regulations that would lead to a finding of disability. The ALJ also found that Green's allegations of pain and physical restrictions were not fully credible.
 
 
 3
 The Appeals Council denied Green's request for review, making the decision of the ALJ the final decision of the Secretary. Green appealed to the District Court for the Middle District of North Carolina on May 14, 1993, and the magistrate judge issued a recommendation on March 14, 1994 that affirmed the Secretary and granted the Secretary's motion for summary judgment. Thereafter, Green objected to the recommendations of the magistrate judge, and the district court reviewed the objections de novo. On June 13, 1994, the district court adopted the magistrate judge's recommendation. This appeal followed.
 
 II.
 
 4
 Our review of a final decision regarding disability benefits under the Social Security Act is highly deferential. It "is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990) (citing 42 U.S.C. Sec. 405(g) and Richardson v. Perales, 402 U.S. 389, 390 (1971)). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." Id. quoting Perales at 401. It is less than a preponderance, but more than a mere scintilla of evidence. Id. (citations omitted).
 
 III.
 
 5
 Under 20 C.F.R. Sec. 404.1520, if a person has a severe impairment and is not engaging in substantial gainful activity, a disability claim will be granted if the claimant has an impairment or combination of impairments that either meets or equals the criteria of an impairment listed in Appendix 1, which in the case of an obesity claim is 20 C.F.R. Part 404, App. 1, subpt. P. Sec. 10.10.[1] Section 10.10 requires that a claimant meet certain weight and height requirements, and it is uncontested that Green met this criteria as of November 1991. The claimant must also meet one of five additional requirements.[2]
 
 
 6
 A claimant for disability benefits has the burden of proving his disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir.1981). It is not enough that the impairment have the diagnosis of a listed impairment; it must also have the findings shown in the listing of that impairment. 20 C.F.R. Sec. 404.1525(d). The Secretary compares the symptoms, signs, and laboratory findings of the impairment, as shown in the medical evidence, with the medical criteria for the listed impairment. 20 C.F.R. Sec. 404.1526(a). Medical equivalence can be found if the medical findings are at least equal in severity and duration to the listed findings. 20 C.F.R. Sec. 404.1526(a). "Medical equivalence must be based on medical findings," and "must be supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. Sec. 404.1526(b). Medical testimony may also be considered.
 
 
 7
 Green concedes that he may not objectively meet all of the criteria for any subsection. His primary argument is that his alleged impairments in combination are medically equivalent to Sec. 10.10. He contends that he comes close on two of the subsections, and has evidence of all five, so that the record reflects a prima facie case of medical equivalency. We disagree. Since under the regulations medical equiv alence must be based on medical findings and must be supported by medically acceptable clinical and laboratory diagnostic techniques, Green failed to establish a prima facie case of medical equivalency. The ALJ and the district court had on record substantial medical evidence from Green's own physician that did not support his contention of medical equivalency.
 
 
 8
 Green also contends that the ALJ should have evaluated his poorly controlled diabetes and bursitis of the right shoulder in making the determination of medical equivalency. This contention is without merit. The ALJ clearly evaluated Green's diabetes and shoulder impairments.
 
 IV.
 
 9
 Green makes the additional argument that the ALJ did not sufficiently address the reasons for his determination that Green's impairments did not meet or equal a listed impairment. In order for the reviewing court to determine if the Secretary based the agency's decision on substantial evidence, the decision must include the reasons for the determination that the impairment does not meet or equal a listed impairment. Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir.1986). A finding that Green is suffering from numerous impairments, but does not have an impairment or combination of impairments listed in or medically equal to one listed in the regulations, is not in itself sufficient to foreclose a finding of disability. Walker v. Bowen, 889 F.2d 47, 49 (4th Cir.1989). In evaluating the effect of a number of impairments on a disability claimant, "the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them." Id. at 50 (citation omitted). "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Id. (citation omitted).
 
 
 10
 The district court found that the ALJ had properly considered equivalency, and we agree. The ALJ found "that the record documents a severe combination of impairments," but that "[n]one of these impairments, considered singularly or in combination, can be said to meet or equal any section of the Secretary's listings...." Furthermore, the ALJ found that Green's combination of impairments preclude heavy lifting. The ALJ listed all of the alleged impairments, and discussed why he found many of Green's alleged symptoms were not credible. In addition, the ALJ found that many of Green's alleged symptoms were treatable. "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." Gross v. Heckler, 785 F.2d 1163 (4th Cir.1986) (citation omitted). Therefore, the district court correctly determined that the ALJ had adequately explained his evaluation of the combined effect of Green's impairments.
 
 V.
 
 11
 There was substantial evidence to support the finding that Green does not suffer from an impairment or combination of impairments that would entitle him to disability benefits. Accordingly, the judgment of the district court is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Section 10.10 has been changed to Sec. 9.9, with few substantive changes. The parties agree that the listings set out in 10.10 apply in this case
 
 
 [2]
 They are:
 A. History of pain and limitation of motion in any weightbearing joint or spine (on physical examination) associated with x-ray evidence of arthritis in a weight-bearing joint or spine; or
 B. Hypertension with diastolic blood pressure persistently in excess of 100 mm. hg measured with appropriate size cuff; or
 C. History of congestive heart failure manifested by past evidence of vascular congestion such as hepatomegaly, peripheral or pulmonary edema; or
 D. Chronic venous insufficiency with superficial varicosities in a lower extremity with pain on weight-bearing and persistent edema; or
 E. Respiratory disease with total forced vital capacity equal to or less than the value specified in Table III-A or III-B or III-C.